May it please the Court, I'm Attorney Robert Barnes representing the Appellant Thomas Clobes. This is a case of religious discrimination that was dismissed at the pleading stage of the case. I think two analogies could be helpful. Let's imagine a scenario where someone goes to work at a company, works there a long time, they get pregnant, and the company says, we don't want people who are mothers, so you're going to have to get an abortion to stay working here. And they tell you that every single day for days, weeks, and months. Ultimately they don't punish you and fire you for not getting the abortion, but you have to live through that torture, mental torture, for months. Let's give another example. A woman goes to work for a company, the boss comes to her and says, you're going to have to sleep with me to keep your job. Tells her that every day for three months. And at the end of the three months, doesn't necessarily terminate her when she doesn't, but she gets to live through that hell for three months. Isn't that the classic example of discriminatory harassment? Here, Mr. Clobes expressed his religious objection to a particular medical procedure that the company was now requiring. 3M imposed a COVID vaccine mandate on all of its employees. He gave his religious objection and what his religious objection was based upon. 3M denied that objection. 3M didn't engage in any interactive process. 3M didn't make any reasonable accommodation. And then they reminded him every single day for days and weeks and months, you're going to get this, we are going to require you to violate your religious beliefs if you want to keep your job. And this happened daily, just not weekly or monthly or? Daily. Daily emails, daily communication from supervisors, that he would be shown videos of what he was going to have to do. And then they put in another additional component. They said, you're going to have to signal to everybody that you're someone who's not vaccinated. So you're going to put a mask on until all, everybody knows your private medical status now in the entire company. I thought your man proposed masking as an alternative. The masking could be a reasonable accommodation, but at this pleading stage of the case, the argument is that that isn't what happened here. And I was here, they didn't say here, we're going to give you a reasonable accommodation. You don't have to take the vaccine. I thought your man proposed that as the accommodation. He was willing to do that as an accommodation. They didn't give it, though, as an accommodation. In other words, they said that they did something wrong by making him stand out as unvaccinated by wearing a mask. But I thought your man proposed that. He was willing to do a mask as an accommodation. But here what happened is they said, no, we're not going to give that to you as an accommodation, but we're still going to require you to wear the mask. In other words, if the, if they've given it as a... I thought the point of wearing the mask was you don't have to be vaccinated if you wear the mask. That was his point. That wasn't 3M's point. 3M's point was, we're not giving this to you as an accommodation. You still have to get vaccinated. But we're going to require you to wear the mask, too. Where is that alleged? That's in the pleadings, Your Honor. And there, that's a separate issue as well with what happened in the district court. We did request, to the degree there was any lack of clarity or any lack of specificity in the pleadings, we requested the opportunity to amend. Well, you didn't file a proposed complaint. You didn't follow the local rules. So you're now saying the complaint does not actually allege what you just asserted. You wanted to put it in an amended complaint? No, Your Honor. My understanding is the complaint does, in fact, allege that he was required to wear the mask, even though it was not being given as an accommodation. I'm saying that to the degree in the court's review of things that that could have been made more clear. And I'll give a practical issue on the amendment issue, because it's coming up in a range of It's hard to propose an amended complaint before the court issue says, okay, here's what's deficient in your complaint, and here's what I'm going to dismiss. It's hard to anticipate that. That's why, as a practical matter, as a trial lawyer, you always ask the court, okay, if there's some deficiency you're spotting that I'm not, please let me afford me the opportunity to file a motion to amend and to amend the complaint to meet that specific deficiency. Counsel, what relevance is there that the 3M was clearly trying to follow the Federal contractor vaccine mandate? Because my understanding is even the allegations say that once that was lifted, they quit talking about the issue, the vaccination. And I'm just wondering whether that just shows that it was compliance with that Federal mandate versus religious discrimination. And they could maybe potentially make that argument in their defense. But here we're at the pleading stage of the case. And so we weren't afforded even the opportunity to get to discovery. If they wanted to make the argument, actually, they couldn't make any accommodation because of the Federal mandate. Now, I would note that one of the But doesn't it show, I hate to interrupt you, but doesn't it show that the allegation may not be plausible of religious discrimination based on what you've alleged in the complaint, that, you know, this sort of ended when the Federal vaccine mandate ended? Very simple on that, Your Honor. The Federal vaccine mandate required an exception for religious objections. I see. Because otherwise it would mean the Federal government was involved in religious discrimination. So the, in fact, 3M, just as a matter of pattern, was denying religious objections across the board. And so the other interesting thing here is that if we get to the point, it seems like religious discrimination is being treated as like the ugly stepchild of discrimination claims. In other words, if we saw this as a sexual harassment claim, giving the analogy I gave, I think the Court would immediately recognize that's a plausible claim, at least to get to the discovery stage of the case. If it was a pregnancy discrimination claim, with the same set of facts, we just substitute pregnancy rather than vaccine, or we substitute you have to sleep with me rather than vaccine, I think the Court would have recognized that this was a, fled a plausible religious harassment claim. And the only thing we're asking for is to get to the discovery stage of the case. If it turns out they have defenses, they can present those. Maybe they win on summary judgment. Maybe they win at jury trial. But here the Court's ruling is so expansive that it makes it look like you can't bring religious harassment claims, period. It's not clear what religious harassment claims would fit under the Court's dismissal of this case. Can I ask, when you were responding to my question, you said religious exemptions, that 3M denied them as a matter of course. Did they actually deny an exemption for your client? Yes, Your Honor. Okay. I wanted to be sure about that factually. And he requested an accommodation in that respect as well. They denied that. And he, his religious belief had a unique emotional impact because he had a grandson, grandchild die from a vaccine. And he explained this to them. So this was not just a simple religious belief. It was a religious belief that had deep personal emotional meaning to him. So if this case doesn't meet harassment, I don't know what can. Counsel, doesn't the complaint allege that all of these efforts from the company, the actions from the company, the encouragement from the company, the announcements from the company, that they were company-wide? Yes, Your Honor. The, but in addition, his individual supervisor was, and he would have other employees and other members of the company come to him directly also. So it was both. But it was, it was the most coercive. Where would we find in the complaint a factual allegation that asserts that the company's actions here had anything to do with his religion? Yes, Your Honor. It is that he said that because of his religious beliefs, he couldn't take the vaccine. Where, where do you, can you direct this to? The court said, district court said that it's not there. So I'm just asking you, where is it? Oh, the, the district court didn't consider it connected because of, so for example, let's say the reason you. District court said there are no allegations that assert 3M's emails and other communications about vaccines had anything to do with his religion or were in fact directed at him individually. So I'm asking where in the, where in the complaint do we find that if in fact that is an incorrect statement? The, the way the, it's an incorrect statement of law as opposed to fact. So we allege he, he documented that he had a religious objection to the vaccine. What they communicated back to him was constant, you're going to get this vaccine, you're going to get this vaccine. So from the district court's perspective, well, they're not saying we're denying you, we're attacking your religion, so thus it's not religious discrimination. But when the reason for you not doing a particular employment activity is a religious based reason, what the, all the precedents say is you don't have to say, let's say, let's say someone needs to do a beard because they're Sikh. And then the company says we're denying that and we're going to tell you, you're going to cut that beard, you're going to cut that beard, you're going to cut that beard. They're not saying we don't like you because you're Sikh, but they're telling you you're going to have to engage in something that you've said you religiously objected. And that's where I think the district court got confused. You don't have to, it's still religious discrimination if you're denying someone their religious objection and saying you're going to have to do conduct that violates your conscience. The, that's the discrimination. You say they refused to give him an exemption or denied his exemption, but doesn't the complaint say that they asked some more questions after he submitted his exemption request? Yes, Your Honor, they did and he provided answers and then they denied it. Well, you don't allege that they denied it. You allege that the contractor mandate was discontinued. I believe we do allege that it was denied, Your Honor, because it was denied. What paragraph? I don't know that off the top of my head. I apologize. In your case? It's my co-counsel's case, Your Honor. If you don't know, okay. I'm sorry, Your Honor. I'm not aware of a paragraph that alleges that after they got the further questions and answers that they denied an exemption. I remember that being alleged, Your Honor, and my understanding is that we also allege that the, it was denied, that the religious objection. That's your understanding? Yes, Your Honor. That's your understanding. Okay. Thank you for your argument. Thank you, Your Honor. Mr. Martin, we'll hear from you. Thank you, Your Honor. May it please the Court and counsel, and in response to your question, Judge Colleton, it's paragraph 17, where they do say that they did not grant the request for accommodation, but they never said that it was denied. Well, yeah, it says it wasn't granted, and then it says instead they asked more questions, which I understood to be part of the exemption decision-making process. Correct. And this came up at the district court level where they were pressed on the issue of whether it was actually denied, and counsel admitted that it was just not granted as far as denied. I'll start by just saying that the issue of religious discrimination is not before this court. It was raised below. It was abandoned on appeal. It's not in any of the briefs or statement of the issues. Now, 3M believes that the district court got it right for two primary reasons. One, in dismissing this case, one is that Mr. Klobes failed to plausibly plead any harassment tied to his religion, and two, because Mr. Klobes failed to plausibly plead any severe or pervasive conduct. Like any Rule 12 motion, you know, we start with the complaint, which makes clear that in September of 2021, 3M moved ahead with a vaccine mandate as part of the U.S. government's federal contractor mandate. Mr. Klobes made a religious exemption request. 3M responded by asking a few questions and told him he had until December 10th, 2021, to respond. But then on that very date of December 10th, 3M lifted the mandate. Thereafter, Mr. Klobes continued his employment, and he doesn't allege that he was fired, demoted, or anything. So despite nothing bad happening to Mr. Klobes in his employment, he says he felt religiously harassed by two things in his complaint. One, having to wear a mask, which, as the court noted in his exemption request, he proposed a mask, and two, receiving loudspeaker and e-mail announcements to get vaccinated. That's all it says in the complaint. That's essentially the entire harassment was the e-mails and loudspeaker announcement. Although you would admit that loudspeaker announcements could be severe and pervasive if, say, they were every hour on the hour over the course of months and months and months? Possibly, depending on what the content was of those. But, of course, you would have to somehow tie those to religion, and you'd also have to show that they were severe or pervasive. But these truly were general vaccination e-mail announcements and general masking requirements. If the court looks to the appendix and the district court's hearing transcript, Judge Brazel pressed for and noted that the complaint never alleges that these e-mails were directed at him versus all three emers. An opposing counsel admitted that, yeah, these were e-mails sent to everybody. These were general masking requirements applicable to everybody, all three emers. So we're here today, as I noted. Does the complaint allege that the plaintiff ever actually wore a mask? I don't believe. I believe it does say that he was required to wear a mask. Yes. Paragraph 20, he was required to wear a mask. So, you know, presumably he was wearing a mask. It doesn't actually allege he wore one. It just says he was required to wear one. Correct. That he was required to wear one. Might be a plausible inference that he wore one. I don't know. Yeah. But this court. From the Lyles case recently and the Polish case and every case that has to do with harassment, says that the third element of a prima facie case of harassment is that there's a causal nexus between the alleged harassment and the protected category. And here that would be religion. And here you just don't have anything that's alleged. And there's certainly a big difference between an employee being forced to wear a mask and an employee being forced to wear a mask because of their Christian beliefs. You know, there are a lot of cases around the country that have addressed this recently with COVID. The leak case from Arizona, reasoned in dismissing religion, claims that mask requirements are not tied to religion. And that's true here. You know, during COVID, you had people who wore masks at work for a lot of reasons unrelated to religion. You had people who wanted extra protection. You had people who had elderly grandparents at home. You had people who believed the vaccines didn't work. So wearing a mask is not inherently tied to being a religious objector. And there are several cases, you know, Shcherakov, Ziegler, Leak, where the courts have said that constant email reminders and signage about getting vaccinated were not targeted at employees and therefore not based on their religion. But even if the court throws out some of this case law and ignores it on the causation element, Mr. Klobz made a dispositive admission in his exemption request that shows that he was not allegedly harassed because of his religion. Specifically, if you look at Complaint Exhibit B, found at Appendix page 31, it makes clear that as of the time of Mr. Klobz's religious exemption request in November of 2021, quote, these past 18 months have been extremely hard getting the constant daily emails and loud speaker announcements regarding vaccines from 3M. So he's saying the very first time that he raises his hand about religion is in November of 2021, you know, basically a month before the thing was lifted. But he says that for the past 18 months, I've been getting these loudspeaker announcements about getting vaccinated. This makes it dispositive because it's impossible for Mr. Klobz to argue that 3M's basis for, you know, sending these emails for 18 months was because of his religion, because in his words, it had been happening for 18 months before he ever raised his hand with religion. So he can't show that it was directed at him. Severe or pervasive, the second issue, the second basis on which Judge Brazel dismisses this case, if we go back to Harris versus Forklift U.S. Supreme Court case, the standard for harassment, whether it's sexual, you know, age based or, you know, in this case, religion, is that a hostile work environment harassment occurs when the workplace is permeated with discriminatory intimidation, ridicule and pervasive to alter the conditions of the victim's employment and create an abusive working environment. There's nothing in this complaint that comes even close to alleging, you know, a severe and pervasive workplace that's, you know, replete with ridicule and intimidation. And that high standard has been endorsed repeatedly by the Eighth Circuit. And so I would say that, you know, applied here that 3M's general vaccination emails, loudspeaker announcements and their general masking requirement, which were applicable to everybody at 3M, are not severe and pervasive as a matter of law. There are cases that have addressed that, you know, not Circuit Court cases. But, you know, if you look at the Lego case in the Eastern District of Virginia, you know, that case said that mere allegations of unwanted emails or about vaccination are insufficient to show severe or pervasive. Plus, you know, for severe or pervasive, the requirement, there's always an objective part of the test and a subjective. And I know, you know, there were allegations about how Mr. Klob's subjectively perceived this, but they also have to pass the common man test and a and that would be the objective test. And here, you know, there's nothing that would show that, you know, somebody might objectively see this as severe or pervasive. In short, Mr. Klob's does not allege severe or pervasive conduct. It's not in the complaint. They've had, you know, three briefs, two hearings, a complaint, and none of it has identified any, both tied to religion or severe or pervasive conduct that would warrant going forward with discovery. I'll also note that, you know, his exemption request really only shows why Mr. Klob's opposes vaccines, but it doesn't show why 3M was sending out its policy. Its policy, of course, was driven by the federal contractor mandate, as is noted in the in the complaint, that this was part of the federal contractor mandate. And I'm not what inference, if any, can we draw from the fact that they that the pleading says that once the mandate was gone, 3M changed, changed its behavior on urging people to get the vaccine. Is there any inferences to be drawn from that? What paragraph allegation, Your Honor? Well, just generally, I mean, that my understanding is that the pleading just generally, I don't have the exact paragraph, but that that once the vaccine mandate was ended, 3M changed its behavior, which I assume you'd be knowledgeable about. Yeah, it says that it was lifted thereafter. And to me, you know, it means that the issue went away. And of course, this had nothing to do with religion from the beginning, but rather was part of a federal contractor mandate. It's not like 3M dreamed this up and wanted to, you know, impose this. They were going along as they had to. And if the court would like me to address the amendment issue, I see that I'm out of time. I would just say that, you know, they didn't follow the local rule. They didn't bring a motion. And, you know, this is as good as it gets for their case. I mean, we've we've had several arguments and briefs and we haven't heard anything beyond, you know, general email sent to the whole company. So. All right. Thank you for your argument. Thank you, Your Honor. Is Mr. Barnes's time expired? OK. Thank you both for your arguments. The case is submitted and the court will file a decision in due course. Counsel are excused.